**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GEORGE SMALL,                                )
                                             )
    Appellant-Defendant,           )
                                             )
        vs.                      )        No. 49A05-1304-CR-179
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.            )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
Cause No. 49F08-1106-FD-40060

**October 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

George Small appeals his conviction and sentence for battery by bodily waste as a class D felony. Small raises two issues, which we revise and restate as:

I. Whether the evidence is sufficient to sustain his conviction for battery by bodily waste; and

II. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

FACTS AND PROCEDURAL HISTORY

On June 5, 2011, Indianapolis Metropolitan Police Officers Jerome Harrison and Stephen Smalley were dispatched to the 3300 block of Park Avenue in Indianapolis responding to a report of a person being shot. The officers assisted in securing the area around the location of the shooting victim, including using crime scene tape to mark off the area where the shooting occurred to prevent individuals from interfering with coming onto 33rd Street. At one point, the officers observed Small "running through the crime scene tape" by lifting the tape and in "a full sprint" ran underneath it. Transcript at 18. Small went to the scene after receiving a phone call from his sister that his nephew had died, and he "ran from the Meadows apartments to the scene" because he wanted to "[s]ee if it was true . . . ." Id. at 71. Another officer stopped Small and confronted him, and Small exited the crime scene tape back onto Broadway Street, but "not even two minutes" later Small came "running back through the crime scene tape onto 33rd Street." Id. at 18. The officers also told Small that they would give him more information about the victim at a later time when such information became available, and Small kept yelling and screaming, telling the officers that they needed "to let him over on Park to see the

2

homicide victim," and at one point Small bumped into Officer Harrison to move past both him and Officer Smalley to go on Park Avenue. Id. at 19. Officers Harrison and Smalley then stopped Small and informed him that he needed to leave the crime scene, but Small did not comply, and "[a]fter several attempts to try to get [Small] to leave the crime scene there was a bunch of yelling and screaming by [him] to the point where Officer Smalley had to place him in handcuffs in order to get him to leave." Id.

As Officer Smalley placed the handcuffs on him, he initially "stiffened up his arms preventing Officer Smalley from placing the handcuffs on him," but the officer was eventually able to do so. Id. at 20. The officers then began to escort Small outside the crime scene, and as they were doing so Small kept yelling and cursing and at some point stopped, turned around, and deliberately spat on Officer Harrison's uniform shirt.

On June 6, 2011, the State charged Small with Count I, battery by bodily waste as a class D felony; and Count II, resisting law enforcement as a class A misdemeanor. The court held a jury trial on February 11, 2013, in which evidence consistent with the foregoing was presented. At the conclusion of the trial, the jury found Small guilty of both counts.[1] On March 21, 2013, the court sentenced Small to three years in the Department of Correction (the "DOC") for Count I and did not impose a sentence on Count II.

I.

The first issue is whether the evidence is sufficient to sustain Small's conviction for battery by bodily waste as a class D felony. When reviewing the sufficiency of the

_____

[1] We note that Small does not challenge on appeal his conviction for resisting law enforcement as a class A misdemeanor.

3

evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

The offense of battery by bodily waste is governed by Ind. Code § 35-42-2-6, which provides in relevant part that "[a] person who knowingly or intentionally in a rude, insolent, or angry manner places blood or another body fluid or waste on a law enforcement officer . . . identified as such and while engaged in the performance of official duties . . . commits battery by body waste, a Class D felony." Ind. Code § 35-42-2-6(e). Here, the State charged that Small "on or about June 5, 2011, did knowingly or intentionally in a rude, insolent, or angry manner place saliva on a law enforcement officer . . . empowered by the Indianapolis Metropolitan Police Department, namely: J. Harrison, identified as such and while J. Harrison was engaged in the performance of his official duties . . . ." Appellant's Appendix at 26.

Small argues that he "was highly emotional as he had just learned that his nephew had been the victim of a homicide" and "was distraught and not thinking clearly . . . ." Appellant's Brief at 6. He argues that "[b]ecause of [his] heightened emotional state and extreme duress, it was not reasonable for the jury to infer that [he] had the capacity to act to knowingly or intentionally spit on Officer Harrison." Id. The State argues that "it was reasonable for the jury to infer that Small was upset at the officers for requiring him to

4

leave the crime scene and that he acted in a rude, insolent, or angry manner when he spit on Officer Harrison." Appellee's Brief at 4.

The record reveals that Small was observed by officers "running through the crime scene tape" by lifting the tape and in "a full sprint" running underneath it. Transcript at 18. Officers Harrison and Smalley stopped him and informed him that he needed to leave the crime scene, but he did not comply, and "[a]fter several attempts to try to get [Small] to leave the crime scene there was a bunch of yelling and screaming by [him] to the point where Officer Smalley had to place him in handcuffs in order to get him to leave." Id. at 19. As the officers escorted Small outside of the crime scene, Small kept yelling and cursing and at some point stopped, turned around, and deliberately spat on Officer Harrison's uniform shirt. At trial, Officer Smalley testified regarding the spitting incident that:

> [Small] opened his mouth the way someone would I guess if they were going to whistle and blew a large amount of saliva out of his mouth. When I say "spit" he didn't grind the back of his throat and gather mucus like I sometimes get in trouble for doing at home and he didn't…he didn't make the sound like someone does when they say, chew tobacco but there was a very clear distinct effort to force that saliva out of his mouth and onto Officer Harrison.

Id. at 49.

Based upon our review of the record, we conclude that evidence of probative value exists from which the jury could have found that Small committed the offense of battery by bodily waste as a class D felony.

5

## II.

The next issue is whether Small's sentence is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). Small argues that "[t]he offense was not particularly egregious," highlighting that he "was distraught at the death of his nephew and frustrated the police would not let him see the body," and that "the maximum three years executed . . . is unduly harsh . . . ." Appellant's Brief at 8. Small also argues that "an executed sentence at the Department of Correction does nothing to address [his] mental health needs, something which could perhaps be better addressed through placement in community corrections." Id. The State argues that "[g]iven Small's prior convictions, failure to take advantage of opportunities for rehabilitation, violation of probation, numerous arrests, and actions in this case, his sentence is not inappropriate." Appellee's Brief at 7.

Our review of the nature of the offense reveals that Small deliberately spat on Officer Harrison's uniform shirt after officers refused to allow him to view the body of a homicide victim at a crime scene which was being investigated. Our review of the character of the offender reveals that Small has mental health issues. An attachment to Small's presentence investigation report (the "PSI") of a competency and sanity

6

evaluation completed by Midwest Forensic Services, LLC on December 12, 2012, after the court ordered a competency evaluation to stand trial, noted that Small "meets criteria for Schizophrenia, paranoid type manifested by circumstantial thought process, agitation, auditory hallucinations, paranoid beliefs and suspiciousness." Midwest Report at 4. He reported in the PSI that he has been diagnosed with "ADHD and OCD," that he "has had hallucinations and delusions," and that he "participated in mental health counseling at Midtown as a child." PSI at 15. The PSI also stated that he reported "he is currently 'stable' on his mental health medications; however, he does not know the names of any of the medications he is taking." Id. The PSI also notes that Small has had placements with various mental health organizations including Charter Hospital, Oconomowoc, and the IDTC, and in 2000 he was placed with the DAWN Project which in turn placed him at Resource, Evan's House, and DAMAR.

The PSI also reveals that Small has an extensive criminal history. In 1995, when he was ten years old, he was charged with an offense which would be theft as a class D felony if committed by an adult. In 1996, counts of residential entry and attempted theft were found true, and Small was ordered to probation including home detention and formal probation. In 1997, a charge of aggravated battery against Small was found true, and he ultimately served a commitment to the DOC as punishment. In 2001 charges of theft and disorderly conduct were found true. In 2008, he was arrested on three separate occasions and was found guilty of two counts of receiving stolen property as class D felonies and burglary as a class B felony. A sentencing hearing on all three convictions occurred in October of 2008, and Small was sentenced to one year in the DOC followed

7

by two years on community corrections with a mental health component on the burglary conviction, as well as 545 days suspended for each of the receiving stolen property convictions, and he was released from the DOC on January 28, 2009.

However, on August 27, 2009, a community corrections violation hearing was held and Small's sentence was modified to 730 days executed with credit for time served, and he was released on May 14, 2010 and placed on 100 days probation with a mental health component. While Small was receiving mental health treatment at "Gallahue," a notice of probation violation was filed on July 13, 2010 alleging that he had been arrested on June 16, 2010 for criminal trespass, and on July 7, 2010 for criminal trespass and resisting law enforcement. PSI at 8. Small was "given an unsatisfactory discharge from probation" on his burglary conviction on August 12, 2010, but he was still on probation for the receiving stolen property convictions when he committed the instant offenses.[2] Id. Small's PSI also indicates that he is a member of a group called "The O," in which

---

[2] The PSI notes that on September 10, 2012, the State filed a final amended notice of probation violation containing the following allegations:

1. on or about 4/26/11, was charged with criminal trespass/MA . . . .
2. on 6/5/11 was arrested and charged with [the instant offenses].
3. on 7/16/11 was arrested and charged with Domestic Battery (FD), Battery (FD), Domestic Battery (MA) and Battery (MA) . . . .
4. on 4/5/12 was arrested and charged with Possession of Marijuana/Hash/Synthetic Cannabinoid (MA) . . . .
5. on or about 4/25/2012 was arrested and charged with Disorderly Conduct/MB . . . .
6. on or about 5/3/12 was arrested and charged with Dealing in Marijuana or Hash (MA) and Possession of Marijuana/Hash/Syn. Cannabinoid (MA) . . . .
7. on or about 5/6/12 was arrested and charged with Dealing in Marijuana or Hash (MA) and Possession of Marijuana/Hash/Syn. Cannabinoid (MA) . . . .
8. on or about 5/12/12 was arrested and charged with disorderly conduct (MB) . . . .
9. on 9/2/12 was arrested and charged with Battery (MB) . . . .

PSI at 8.

the members "shoot dice, gamble, and fight each other" in order "to prove their strength." Id. at 13.

After due consideration of the trial court's decision, we cannot say that the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

CONCLUSION

For the foregoing reasons, we affirm Small's conviction and sentence for battery by bodily waste as a class D felony.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.